**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ. #004612
Tod@SchleierLaw.com
BRADLEY H. SCHLEIER, ESQ. #011696
Brad@SchleierLaw.com

Attorneys for Defendants Alternate36, Inc., Ramirez and Murphy

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

SPARROWONE, LLC, an Arizona limited liability company,

Plaintiff,

v.

ALTERNATE36, INC., a Delaware corporation; Kenneth Ramirez, a natural person; Lauren Murphy, a natural person; and Jeffery Nickoloff, a natural person,

Defendants.

No. CV-15-02609-PHX-SPL

**DEFENDANTS ALTERNATE36, INC., RAMIREZ AND MURPHY'S ANSWER TO COMPLAINT**

Defendants Alternate36, Inc. ("Alt36"), Kenneth Ramirez, and Lauren Murphy by and through counsel undersigned, state their Answer to Plaintiff Sparrowone's Complaint as follows:

**JURISDICTION AND VENUE**

1. Defendants admit the allegations contained in paragraph 1 of the Complaint. However, Defendants deny any implication that they violated any provision of the Computer Fraud and Abuse Act ("CFAA") pursuant to 18 U.S.C. §1020 *et seq.*

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

**PARTIES**

4. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 4 of the Complaint, therefore deny the same.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint. Defendants also note the correct name of the company is Alternate36, Inc.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 8 of the Complaint, therefore deny the same.

**RELEVANT FACTS**

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint. Defendants admit they were hired by Superior Financial Service, LLC.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint. Ramirez acknowledges accessing data on December 12, 2014 with the permission of Plaintiff as part of a conversion from salesforce.com to a CRM system. Ramirez had previously taken the same action on an earlier conversion.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants are without sufficient information to either admit or deny the any discovery by Plaintiff contained in paragraph 36 of the Complaint, therefore deny the same. Defendants affirmatively alleges that Ramirez did not remotely access, download, and delete data from Plaintiff's Confidential Client Database other than accessing data prior to his termination as part of his job responsibilities with Plaintiff.

37. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 37 of the Complaint, therefore deny the same.

38. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 38 of the Complaint, therefore deny the same.

39. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 39 of the Complaint, therefore deny the same. Additionally, Defendants deny that Ramirez engaged in any breaches as described in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint. Defendants acknowledge that Alternate36, LLC was created in January 2015, but deny the purpose of the business as alleged in the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint. Defendant Murphy is not a paid employee, but considered an unpaid co-founder.

45. Defendants admit the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47. However, Defendants acknowledge that Defendant Alt36 was incorporated on or about May 21, 2015, Defendant Nickoloff has had no involvement with Defendant Alt36.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

**COUNT I**
**VIOLATION OF 18 U.S.C. §1030(a)(2)(C)**
**(against Defendant Ramirez)**

49. Paragraph 49 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

**COUNT II**
**VIOLATION OF 18 U.S.C. §1030(a)(5)(C)**
**(against Defendant Ramirez)**

57. Paragraph 57 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

**COUNT III**
**BREACH OF CONTRACT**
**(against Defendant Ramirez)**

66. Paragraph 66 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

**COUNT IV**
**BREACH OF CONTRACT**
**(against Defendant Murphy)**

75. Paragraph 75 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

**COUNT V**
**MISAPPROPRIATION OF TRADE SECRETS**
**(against all Defendants)**

83. Paragraph 83 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

**COUNT VI**
**CIVIL CONSPIRACY**
**(against all Defendants)**

96. Paragraph 96 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

**COUNT VII**
**AIDING AND ABETTING**
**(against all Defendants)**

105. Paragraph 105 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

**COUNT VIII**
**PRELIMINARY INJUNCTION**
**(against all Defendants)**

113. Paragraph 113 of the Complaint does not assert an allegation, but by reference Defendants incorporate its responses to all preceding paragraphs.

114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

**JURY DEMAND**

119. Defendants acknowledge Plaintiff's jury trial request on all issues so triable.

**AFFIRMATIVE DEFENSES**

For their Answer to the Complaint, Defendants Alternate36, Inc., Ramirez and Murphy assert the following Affirmative Defenses:

1. Defendants deny each and every allegation of the Complaint not specifically admitted in its Answer to the Complaint.

2. The Complaint fails to state a claim upon which relief may be granted against Defendants.

3. The Complaint and each purported cause of action alleged therein, fails to allege facts sufficient to allow the recovery of punitive damages from Defendants.

4. Defendants assert the following affirmative defenses as set forth in F.R.Civ.P. 8(c): accord and satisfaction, contributory negligence, estoppel, illegality, failure of consideration, fraud, statute of frauds, and waiver.

5. Defendants allege Plaintiff has not nor will suffer any damages or irreparable harm as a result of any claim contained in the Complaint.

6. Plaintiff has failed to mitigate any such damages alleged in the Complaint.

7. Defendants further reserve the right to add additional affirmative defenses, allegations, and denials that may be discovered during the course of litigation, including but not limited to, those listed in Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint, Defendants respectively request that this Court dismiss the Complaint with prejudice, with Plaintiff taking nothing thereby; that Defendants recover its costs and attorneys' fees incurred in defending the Complaint; and for such other relief as this Court deems just.

DATED this 2nd day March, 2016.

SCHLEIER LAW OFFICES, P.C.

/s/ Bradley H. Schleier
Bradley H. Schleier
Attorneys for Defendants Alternate36, Inc., Ramirez, and Murphy

CERTIFICATE OF MAILING

I hereby certify that on this 2nd day of March, 2016 I electronically filed the foregoing **DEFENDANTS ALTERNATE36, INC., RAMIREZ AND MURPHY'S ANSWER TO COMPLAINT** with the U.S. District Court Clerk using the CM/ECF system, which shall send notification of such filing to the following:

Joyce N. Van Cott – SBN 009878
Ryan J. Talamante - SBN 015323
VAN COTT & TALAMANTE, PLLC
CopperPoint Tower
3030 North Third Street, Suite 790
Phoenix, Arizona 85012
Attorneys for Plaintiff Sparrowone, LLC

Marc E. Rosenthal, Florida Bar #117561, *PHV*
Marc@Kennercummings.com
Casey R. Cummings, Florida Bar # 102573, *PHV*
Casey@Kennercummnings.com
Kenner & Cummings, PLLC
104 Southeast 8th Avenue
Fort Lauderdale, FL 33301
(954) 233-2675 Extn. #1
Attorneys *Pro Hac Vice* for Plaintiff Sparrowone, LLC

/s/ Mary H. Portillo