IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sparrowone, LLC,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Alternate 36, Inc., et al.,<br><br>　　　　　　Defendants. | No. CV-15-02609-PHX-SPL<br><br>**ORDER** |

Having considered the parties' joint motion for entry of a stipulated order of permanent injunction,

**IT IS ORDERED:**

1. That the Joint Motion (Doc. 107) is **granted**, and pursuant to the parties' stipulation, an order of permanent injunction is issued and entered as follows:

　　(a) Defendants Alternate 36, Inc., Kenneth Ramirez, and Lauren Murphy (collectively "Defendants") are **enjoined** from developing, creating, emulating, or reproducing any technology that includes confidential source code from Plaintiff's Interchange Optimizer that existed from the time it was created up until February 27, 2015;

　　(b) Defendants are **enjoined** from utilizing Plaintiff's optimization codes, rules, or programming automate data field content for the purpose of lowering the interchange rate for merchants that were developed by Plaintiff as of February 27, 2015;

　　(c) Defendants are **enjoined** from utilizing, using, or partnering with a

third party to engage in activities that Defendants would otherwise be prohibited from doing directly under Paragraphs (a) and (b) above;[1]

(d) Defendants are **enjoined** from accessing, copying, distributing, disclosing, or using, directly or indirectly, through any means whatsoever, any information obtained from the comprehensive client database created and maintained by Plaintiff on salesforce.com up until January of 2015, which included client specific pricing arrangements, future meeting dates, account preferences, due dates, communication logs, unique client requests, and the name, personality characteristics, hobbies, interests, and contact information of the clients' top-level executives ("Plaintiff's Confidential Client Database") except to the extent that information is available through independent sources or the public domain;

(e) Defendants shall return any copies of Plaintiff's Confidential Client Database (or portions thereof) that are discovered to be in their possession;

2. That, by stipulating to this order of permanent injunction, Defendants do not admit any violation or wrongdoing and retain all rights and defenses to the claims asserted against them in this lawsuit;

3. That this stipulated order of permanent injunction shall remain in effect until November 29, 2023 or until otherwise ordered by the court;

4. That, the parties having reach a settlement in this case and the stipulated order of permanent injunction having been entered, this action is **dismissed with prejudice**;

5. That each party shall bear its own costs and attorneys' fees; and

///

///

---

[1] Defendants are not precluded from partnering with a third party to use or implement an existing or independently created product or service that may include any kind of interchange optimization technology, but are enjoined from disclosing, directly or indirectly, confidential information about Plaintiff's Interchange Optimizer that would allow that third party or the Defendants to modify their products/services to incorporate said alleged confidential information to enhance their programs.

1 | 6. That the Clerk of Court shall **terminate** this action.
2 | Dated this 30th day of January, 2017.

                                                 Honorable Steven P. Logan
                                                 United States District Judge